IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| FATMATA BANGURA, ET AL. | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:18-cv-1290 |
| MATTHEW G. WHITAKER, ACTING ATTORNEY GENERAL OF THE UNITED STATES, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiffs' and Defendants' Motions for Summary Judgement pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

Plaintiff Momoh Bangura ("Momoh") is a native and citizen of Sierra Leone, who first came to the United States in 2004. Momoh married Lashonna Baylor ("Baylor") in 2005. While they were married, Baylor submitted an I-130 petition on behalf of Momoh with United States Citizenship and Immigration Services ("USCIS"). The couple divorced, and the petition was withdrawn. USCIS had not made a determination on the petition at the time it was withdrawn.

In 2013, Momoh married plaintiff Fatama Bangura ("Fatama"). Fatmata filed an I-130 petition on behalf of Momoh. USCIS denied Fatama's petition to have the agency classify Momah as her

"immediate relative" for immigration purposes. USCIS concluded that Momoh had previously entered into a fraudulent marriage with Baylor, and thus was ineligible for this classification pursuant to 8 U.S.C. §. 11549(c). Plaintiffs appealed to the Board of Immigration Appeals ("BIA"), who affirmed USCIS's decision, holding that the agency did not err in its fraudulent marriage conclusion. The BIA held:

> "The fact that there is this evidence of fraud, together with the lack of persuasive evidence of a bona fide marriage to the beneficiary's first wife, such as joint assets and a joint resident, supports the finding that the beneficiary and his first wife committed marriage fraud and married for the sole purpose of obtaining an immigration benefit for him. The petitioner's arguments and evidence concerning the validity of the beneficiary's current marriage are not relevant if the evidence of the prior marriage fraud cannot be overcome."

Plaintiffs filed suit in this Court seeking reversal of the BIA's decision. Plaintiffs filed its Motion for Summary Judgement on November 28, 2018 and Defendants responded in opposition with its own Motion for Summary Judgment on December 18, 2018. Upon review of the record, this Court affirms the BIA's decision, finding Defendants' Motion for Summary Judgement should be granted.

In reviewing the BIA's decision, this Court may only overturn a decision if it finds the agency's decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). If the Court finds there is a rational basis in the record to support the agency's conclusion,

2

this Court must affirm the decision. This type of review is "highly deferential, with a presumption in favor of finding the agency action valid." Ohio Valley Entvl. Coal v. Aracoma Coal Co., 556 F.3d 177,192 (4th Cir. 2009).

In order to conclude a marriage was fraudulent, the BIA must find that the USCIS identified "substantial and probative evidence" of invalidity. Cassell v. Napolitano, 2014 WL 1303497, at *7 (N.D. Ill. Mar. 31, 2014). If USCIS identifies evidence of a fraudulent marriage, the spouse then has the burden to produce sufficient evidence to overcome the agency's conclusion. Matter of Phillis, 15 I&N Dec. 385,386 (BIA 1975). If USCIS discovers information related to marriage fraud, the agency issues a Notice of Intent to Deny ("NOID") to the applicant. The applicant then has an opportunity to respond to rebut the information and present information on her own behalf. USCIS then determines whether the petition should be approved. If denied, the applicant can appeal to the BIA.

Plaintiffs argue that the USCIS record does not contain sufficient evidence to provide a rational basis on which to conclude that Momoh's prior marriage to Baylor was fraudulent. Plaintiffs contend that Baylor's statement was false and manufactured unfairly by USCIS officials, ten years after the couple divorced. However, Baylor's statement constitutes substantial evidence of prior marriage fraud. The record indicates

3

that Baylor's statement was made during the normal course of USCIS's investigation into whether Momoh had previously entered into a fraudulent marriage. Baylor's statement was signed and given under oath and stated that Momoh agreed to pay her $10,000 once he received his green card. There is no evidence that USCIS manipulated, or manufactured Baylor's statement as Plaintiffs' suggest. Furthermore, Plaintiffs' argue that Baylor had a grudge against Momoh, which was her motivation for making a false statement to USCIS. However, credibility determinations are for BIA to decide, not this Court. Gonahasa v. INS, 181 F.3d 538,542 (4th Cir. 1999).

In its decision, the BIA noted that it is the agency's duty to investigate past relationships in determining whether to grant or deny an I-130 petition, rejecting Plaintiffs argument that the agency had abused it discretion in investigating a marriage from 10 years ago. This Court agrees. The relevant statute, 8 U.S.C. § 1154(b) and (c), states that an I-130 petition shall not be issued if the agency finds the alien entered into a previous fraudulent marriage. The Plaintiffs seems to suggest that the agency must have made this determination at the time the supposed fraudulent marriage occurred, 10 years ago in this case. However, USCIS "may rely on any relevant evidence, including evidence having its origin in prior USCIS proceedings involving the" alien in assessing I-130 petitions. Matter of Tawfik, 20 I&N Dec. 166, 167 (BIA 1990).

In this case, evidence of Momoh's marriage to Baylor and the couple's I-130 petition was in the record, and USCIS acted within its discretion in investigating the marriage to determine whether it was fraudulent. For these reasons, the agency did not abuse its discretion in investigating and determining Momoh previously entered into a fraudulent marriage with Baylor.

Plaintiffs further argue that they did not have an opportunity to respond to Baylor's statement during the administrative proceedings, arguing lack of due process. However, the record indicates that Plaintiffs received Baylor's statement as part of the NOID and submitted a response, including several affidavits on behalf on their case. Plaintiffs also addressed Baylor's statement in their petition to the BIA, citing an affidavit Momoh submitted to the USCIS verifying he had a bona fide marriage to Baylor. The BIA did not find Plaintiffs' affidavits or other arguments sufficient to overcome the substantial and probative evidence USCIS produced in concluding Momoh's prior marriage to Baylor was fraudulent.

This Court finds that BIA's decision was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, and that there was substantial evidence in the record that the marriage between Momoh and Baylor was fraudulent. The agency had a rational basis in the record to conclude that Momoh

5

engaged in at least one prior fraudulent marriage, and therefore, Fatmata's subsequent I-130 on behalf of Momoh was properly denied.

For the foregoing reasons, Plaintiffs' Motion for Summary Judgement should be denied and Defendants' Motion for Summary Judgment should be granted. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
February _/_, 2019